UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FREDERICK DOUGLAS WOOD , | ) | Criminal No.  02-CR-625-L-7 |
| | ) | |
| Petitioner, | ) | **ORDER DENYING MOTION FOR** |
| | ) | **MODIFICATION OF TERM OF** |
| v. | ) | **IMPRISONMENT PURSUANT TO** |
| | ) | **18  U.S.C. § 3582(c)(2)** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **[Doc. Nos. 526, 530]** |
| Respondent. | ) | |
| | ) | |

On August 15, 2008, Petitioner Frederick Douglas Wood ("Petitioner"), proceeding *pro se*, filed a Motion for Relief of Sentence pursuant to 18 U.S.C. § 3582(c)(2).  Respondent filed a response and opposition, and Petitioner filed a reply.  Petitioner's motion is based upon retroactive amendments to the Federal Sentencing Guidelines pertaining to crack cocaine offenses which became effective March 3, 2008.  The Court has reviewed the record, the submissions of the parties, and the supporting exhibits and, for the reasons set forth below, **DENIES** Petitioner's motion.

## BACKGROUND

Pursuant to a written plea agreement, Petitioner pled guilty on April 17, 2003, to one count of Conspiracy to Distribute Cocaine and Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Petitioner admitted that he conspired with his co-defendants to distribute more than 50 grams of cocaine base (crack) and 5 kilograms of cocaine.  Petitioner admitted that he arranged narcotic transactions with co-defendant Robert Adams ("Adams") and discussed

1   who would cook the powder cocaine into crack cocaine.  Petitioner also admitted to purchasing
2   crack cocaine and powder cocaine from Adams.  Petitioner further admitted to planning the
3   robbery of a cocaine source of supply with a gun.

4       Based on Petitioner's prior criminal history, he was placed in a criminal history category
5   V.  At sentencing, this Court found that the base offense level was 32 (based on 50 grams
6   cocaine base/5 kilograms of powder cocaine) and -3 for acceptance of responsibility, for an
7   adjusted base offense level of 29.  The Court granted a one level departure for a package deal,
8   which resulted in a final adjusted base offense level of 28 and a guideline range of 130 to 162
9   months.  Petitioner was sentenced to the low end: 130 months.

10                                    **DISCUSSION**

11      Petitioner moves for a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c), based
12  on Amendment 706 to the Sentencing Guidelines, as amended by Amendment 711 (pertaining to
13  crack cocaine offenses).  Amendments 706 generally reduced by two levels the base offense
14  level for crack cocaine offenses in § 2D1.1(c) of the Sentencing Guidelines.  *See* Amendment
15  706, Supplement to Appendix C, Amendments to the Guidelines Manual.  The Sentencing
16  Commission has given this amendment retroactive effect and has listed it in § 1B1.10(c) of the
17  Guidelines, a requirement for retroactive amendments.  *See* U.S.S.G. § 1B1.10(c).

18      Due to the ethnic disparity in sentencing, Congress has created the above changes to the
19  advisory Guidelines as it relates to cocaine base.  Petitioner falls within the purview of this
20  change.  A motion for reduction of sentence under § 3582(c)(2) "is simply a vehicle through
21  which appropriately sentenced prisoners can urge the court to exercise leniency to give [them]
22  the benefits of an amendment to the guidelines."  *United States v. Townsend*, 98 F.3d 510, 513
23  (9th Cir. 1996) (quoting *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (internal
24  quotation marks omitted)).  Whether to reduce a sentence under § 3582(c)(2) is a discretionary
25  decision.  *See* 18 U.S.C. § 3582(c)(2) ("[T]he court *may* reduce the term of imprisonment.")
26  (emphasis added); *Townsend*, 98 F.3d at 512 ("[T]he decision whether to reduce a sentence
27  under § 3582 is within the discretion of the district court judge."); *United States v. Cueto*, 9 F.3d
28  1438, 1440 (9th Cir. 1993) ("Courts have discretion to reduce a previously imposed term of

1   imprisonment when the Sentencing Commission reduces the sentencing range, and the reduction

2   is 'consistent with applicable policy statements issued by the Sentencing Commission.' ")

3   (quoting 18 U.S.C. § 3582(c)(2)).

4        In determining whether a sentence should be modified following amendment of the

5   Guidelines, the Court should consider the term of imprisonment that it would have imposed had

6   the amendment(s) to the Guidelines been in effect at the time the particular defendant was

7   sentenced.  U.S.S.G. § 1B1.10(b).  In addition, the Court should determine whether a reduced

8   sentence is warranted in light of the factors set forth in 18 U.S.C. § 3553(a).[1]  *See United States*

9   *v. Hicks*, 472 F.3d 1167, 1171 (9th Cir. 2007) ("While § 3582(c)(2) proceedings do not

10  constitute full resentencings, their purpose is to give defendants a new sentence.  This

11  resentencing, while limited in certain respects, still results in the judge calculating a new

12  Guideline range, considering the § 3553(a) factors, and issuing a new sentence based on the

13  Guidelines.").  *See also United States v. Bravo*, 203 F.3d 778, 780-81 (11th Cir. 2000) ("In

14  considering a motion for such a reduction, we have held that a district court must engage in a

15  two-part analysis.  Initially, the court must recalculate the sentence under the amended

16  guidelines, first determining a new base level by substituting the amended guideline range for

17  the originally applied guideline range, and then using that new base level to determine what

18  ultimate sentence it would have imposed. . . . The next step is for the court to decide whether, in

19  its discretion, it will elect to impose the newly calculated sentence under the amended guidelines

20  or retain the original sentence.  This decision should be made in light of the factors listed in 18

21  U.S.C. § 3553(a).").

22

23       [1]  Section 3553(a) directs a court to consider the following factors in determining the particular sentence
to be imposed:  "(1) the nature and circumstances of the offense and the history and characteristics of the

24  defendant;  (2) the need for the sentence imposed: (A) to reflect the seriousness of the offense, to promote respect
for the law, and to provide just punishment for the offense;  (B) to afford adequate deterrence to criminal conduct;

25  (C) to protect the public from further crimes of the defendant;  and(D) to provide the defendant with needed
educational or vocational training, medical care, or other correctional treatment in the most effective manner;  (3)

26  the kinds of sentences available;  (4) the kinds of sentence and the sentencing range established for: (A) the
applicable category of offense committed by the applicable category of defendant as set forth in the guidelines. . .

27  (5) any pertinent policy statement . . .   (6) the need to avoid unwarranted sentence disparities among defendants
with similar records who have been found guilty of similar conduct;  and (7) the need to provide restitution to any

28  victims of the offense." 18 U.S.C. § 3553(a).

02CR625-L

The Court must consider the policy considerations of § 3553(a) in determining whether Petitioner should receive a reduction in his sentence.  In making this decision, the Court limits its consideration to the facts admitted in the plea agreement, the Petitioner's Presentence Report, the Addendum to the Presentence Report, and the arguments provided by the parties in their written submissions.

**A.    The Nature and Circumstances of the Offense and History and Characteristics of the Petitioner.**

Petitioner's offense is serious by nature.  *See United States v. Salerno*, 481 U.S. 739, 750 (1987) (noting that crimes singled out for a presumption of pretrial detention (like the crime charged in this case) are considered "extremely serious" because the perpetrators are considered "far more likely to be responsible for dangerous acts in the community after arrest").

Even beyond the nature of the offense, the specific circumstances of Petitioner's crimes were aggravated in several respects.  Petitioner and his co-defendants were experienced drug traffickers and Petitioner was a trusted distributor of crack cocaine, a gun dealer, and a robber.  Petitioner admitted in his plea agreement that he sold crack cocaine and powder cocaine and that he discussed cooking cocaine into crack with one of his co-defendants.  Petitioner also set up a robbery of a drug supplier.  Petitioner planned to rob a "Cuban" source of supply and co-defendant Adams was going to supply the gun.

Additionally, Petitioner has an extensive criminal background.  Petitioner is a documented West Coast Crips gang member.  His criminal background reaches back to 1994, when he was age 18.  His criminal history includes convictions for pandering, armed robberies of business establishments, and home invasion and armed robbery.  Since 1997, it appears that Petitioner was out of custody for a total of less than 7 months.

Petitioner's background is also extremely violent.  In 1997, Petitioner was involved in two armed robberies.  The first was a Pawn & Jewelry store in San Ysidro, California.  There, the robbers pointed their weapons directly at the victims and shots were fired as they fled the store.  The second robbery was Sacks Fifth Avenue in the Fashion Valley Mall.  During that incident, a civilian was held hostage at gun point.  Barely 6 months after being released from

02CR625-L

custody for those convictions, Petitioner committed a home invasion and armed robbery.  On January 2, 2002, Petitioner and two other individuals broke into a home at 2:45 a.m., wearing ski masks and armed with a handgun.  One of the victims was beaten and a female victim was sexually accosted.  In declining Petitioner's request that his federal sentence run concurrent with his state conviction for the home invasion robbery, this Court noted that the home invasion was violent and "was a serious offense."

**B.      The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law and Provide Just Punishment and Deterrence, to Protect the Public from Further Crimes of the Defendant and to Provide the Defendant with Education, Training, Medical Care or Other Correctional Treatment.**

Petitioner's offense in this case involves a very serious drug conspiracy.  While Petitioner was not the most culpable of the defendants charged, he nonetheless was an integral part of the conspiracy.  Drugs alone often involve non-violent behavior; however, in Petitioner's case, he has a violent history and was involved in conducting and planning violent robberies, as illustrated by the Court authorized wire interceptions.  This is a concern to the Court and one of the reasons why the Court declined to grant a departure for minor role.  The sentence imposed was meant to protect the public and to provide deterrence and appropriate punitive punishment for Petitioner's criminal conduct that was violent and appeared to be constant from the age of 18.

At sentencing, the Court considered Petitioner's desire to turn his life around.  However, the Court declined to run his federal sentence concurrent to his state sentence based on the violence involved in Petitioner's offenses.

The Court notes that since his incarceration, Petitioner has commendable in-custody activity, including attaining his GED or High School Diploma and completing several educational courses.  These activities will likely be critical to any success he may achieve on release.  However, based on all the factors taken into consideration, the Court believes Petitioner must accept responsibility for actions made in his adult life, which included participating in the drug conspiracy for which he was convicted.  While the Court has the option to reduce Petitioner's sentence by two points under the retroactive amendments, the Court exercises its

discretion not to do so.

## CONCLUSION

The Court has considered all of the applicable § 3553(a) factors and declines to depart two levels based on the retroactive amendments to the advisory Guidelines.  Based on all of the above considerations, Petitioner's sentence was proper at the time of sentencing and continues to remain appropriate.  In this case, Petitioner's 130 month sentence falls within the new guideline range of 120[2]-137 months;  a further reduction is not warranted.  Therefore, the Court considers the originally imposed sentence of 130 months as the minimum necessary to address Petitioner's conduct, and thereby declines to reduce his sentence for the reasons thus stated.  The Court further **DENIES** Petitioner's Motion for Appointment of Counsel as **MOOT**.

**IT IS SO ORDERED.**

DATED:  June 4, 2009

_____
M. James Lorenz
United States District Court Judge

COPIES TO:

PETITIONER
U.S. ATTORNEY'S OFFICE

---

[2] Based on the retroactive cocaine base amendment, the base offense level for 50 grams of cocaine base is now 30 under § 2D1.1.  The guideline adjustments for acceptance of responsibility and group disposition results in a new adjusted base offense level of 26 and a new guideline range of 110-137 months.  However, the minimum mandatory sentence for Count 1 of the indictment is 120 months pursuant to 21 U.S.C. § 841(b)(1)(A)(iii).  Under U.S.S.G. § 5G1.1(c)(2), the sentence may not be less than 120 months, even though the new guideline range falls below the statutorily required minimum sentence.  Therefore, the actual new guideline range is 120-137 months.

02CR625-L