1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   UNITED STATES,                              CASE NO. 2-CR-625-L

12                      Plaintiff-Respondent,    ORDER DENYING MOTION FOR
                                                 MODIFICATION OF SENTENCE
13              vs.                              PURSUANT TO 18 U.S.C. §
                                                 3582(c)(2) AND U.S.S.G. § 1B1.10
14   FREDERICK DOUGLAS WOOD (4),
                                                 [Doc.  588]
15                      Defendant-Petitioner.

16          On March 13, 2012, Petitioner filed a second motion for modification of sentence under 18

17   U.S.C. § 3582(c)(2). Petitioner's motion is based on amendments to the United States Sentencing

18   Guidelines ("U.S.S.G.") pertaining to crack cocaine offenses, which became effective on November

19   1, 2011.

20                                   **BACKGROUND**

21          On April 17, 2003, Petitioner pled guilty to Conspiracy to Distribute Cocaine and Cocaine base

22   in violation of 21. U.S.C. §§ 841(a)(1) and 846. [Doc. 175, at 1.] The plea agreement contained

23   provisions certifying that the Petitioner understood and admitted the quantity of the controlled

24   substance was more than five kilograms of cocaine and 50 grams of cocaine base, which carried a

25   minimum mandatory sentence of 120 months. [*Id.* at 2-3.] The agreement indicated the government

26   would recommend that Petitioner was a career offender and a base offense level of 37 under §§ 2D1.1

27   and 4B1.1 of the U.S.S.G. Manual. [*Id.* at 6.] The presentence report ("PSR") determined that

28   Petitioner was not a career offender, however, and the government ultimately recommended a base

offense level of 32.  [Doc. 293, at 2.]  After receiving -3 for acceptance of responsibility and -1 for a group disposition, Petitioner's offense level was 28 and his criminal history category was V, resulting in a guideline sentencing range of 130-162 months.  On September 25, 2003, this Court sentenced Petitioner to the low end of 130 months with credit of 20 months for time served to run concurrent to a sentence Petitioner was serving in state prison.  [Doc. 295, at 3.]

On August 20, 2008, Petitioner filed a motion under § 3582(c) seeking a reduction in his sentence based on retroactive amendments to the Federal Sentencing Guidelines applicable to crack cocaine offenses. [Doc. 526.] After considering the factors set forth in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission this Court denied Petitioner's motion.  [Doc. 540, at 6.] Petitioner appealed the denial but failed to file the opening brief, which resulted in dismissal of his appeal. [Doc. 547.]  Then, on March 13, 2012, Petitioner filed the present motion under § 3582 seeking a reduction in his sentence pursuant to Amendment 750 to the Sentencing Guidelines.  [Doc. 588.]

**LEGAL STANDARD**

Section 3582(c)(2) provides an exception to the general rule that a court may not modify a term of imprisonment once imposed in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.   18 U.S.C. § 3582(c)(2).   Whether to reduce a sentence under § 3582(c) is a discretionary decision. *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996).

Amendment 750 to the Sentencing Guidelines re-promulgates as permanent the previous temporary emergency amendment that implemented the portions of the Fair Sentencing Act pertaining to the penalties for crack cocaine offenses.  *See* Amendment 750, Supplement to Appendix C, Amendments to the Guidelines Manual. Thus, it re-promulgated, without change, the emergency, temporary revisions to the Drug Quantity Table in § 2D1.1(c) of the Guidelines Manual.  Those revisions increased the quantity thresholds of crack cocaine required to trigger a mandatory 10 year minimum term of imprisonment from 50 grams of crack cocaine to 280 grams of crack cocaine.  *Id.* Amendment 750 is retroactive. U.S.S.G. § 1B1.10(c).

///

**DISCUSSION**

A.    Jurisdiction

The Government argues that this Court lacks jurisdiction to consider Petitioner's successive § 3582 motion. [Doc. 595, at 4.]  The Ninth Circuit has not decided whether district courts have jurisdiction to hear second or successive § 3582 motions.  However, the Eleventh Circuit held that the doctrine of law of the case usually forecloses successive requests for lower sentences.  See *United States v. Escobar–Urrego*, 110 F.3d 1556, 1560–61 (11th Cir.1997).  The Seventh Circuit followed the Eleventh Circuit's reasoning in foreclosing a successive § 3582 motion.  *United States v. Redd*, 630 F.3d 649, 650 (7th Cir. 2011) (holding that once a district judge makes a decision, Rule 35 of the Federal rules of Criminal Procedure applies and "curtails any further power of revision," unless the Sentencing Commission acts to promulgate an additional retroactive change to the sentencing guidelines).

In *Escobar-Urrego* the Petitioner sought to relitigate the usable quantity of drugs in the mixture he had imported - a factual issue that had already been decided against him in sentencing. Here, Petitioner is not asking this Court to find that the relevant drug quantity differs from the quantity found at his sentencing, but is seeking modification of his sentence pursuant to Amendment 750, which is  a new retroactive amendment to the sentencing guidelines.  Because Petitioner's motion is based on a new amendment to the Guidelines, it would be allowed under *Redd*.  Nonetheless, Amendment 750 under which Petitioner seeks relief does not represent a change in the substance of the law.  Rather, it simply renders the previous temporary amendments under which Petitioner previously sought modification permanent.  Moreover, this Court denied Petitioner's first request for sentence modification after considering the relevant factors under 18 U.S.C. § 3553(a). [Doc. 540.] Regardless, Petitioner is not eligible for the relief he seeks because he pleaded guilty to conspiracy to distribute powder cocaine as well as crack cocaine.

B.    Application of Amendment 750

In determining whether a sentence should be modified under § 3582(c)(2), the court must follow a two-step approach. *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010).  First, the court must determine that a reduction is consistent with the policy statements issued by the Sentencing

02-CR-0625-L (4)

1    Commission in U.S.S.G. § 1B1.10. *Id.* Second, the court must consider whether the authorized

2    reduction is warranted according to the factors set forth in 18 U.S.C. § 3553(a). *Id.* Section 1B1.10

3    of the Federal Sentencing Guidelines states "A reduction in the defendant's term of imprisonment is

4    not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2)

5    if: (A) none of the amendments listed in subsection (c) is applicable to the defendant; or (B) an

6    amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable

7    guideline range." U.S.S.G. § 1B1.10(a)(2).

8           Amendment 750 is listed in subsection (c) but does not have the effect of lowering Petitioner's

9    applicable guideline range. Therefore, though Petitioner is correct in his assessment that Amendment

10   750 to the Sentencing Guidelines is retroactive[1], the fact that he pled guilty to conspiracy to distribute

11   five or more kilograms of powder cocaine as well as crack cocaine prevents this Court from modifying

12   Petitioner's sentence. At the time of Petitioner's sentencing, the applicable base offense level for the

13   relevant quantity of powder cocaine under § 2D1.1(c)(4) was 32. After receiving deductions for

14   acceptance of responsibility and for a package deal, Petitioner's total offense level was 28 and his

15   criminal history category was V, which corresponds to a guideline range of 130-162 months.

16   Petitioner received the low end of 130 months. [Doc. 295.] The applicable sentencing range for

17   conspiracy to distribute a five kilogram quantity of powder cocaine was not addressed in Amendment

18   750 and remains the same as it was when Petitioner was sentenced. Therefore, even if this Court were

19   to reconsider it's earlier denial of Petitioner's motion, a reduction under § 3582(c)(2) is not authorized.

20   ///

21   ///

22   ///

23   ///

24   _____

25          [1] The Government cites *United States v. Baptist*, 646 F.3d 1225, 1226-28 (9th Cir. 2011) as well as other out of circuit authorities to support its argument that the Fair Sentencing Act ("Act") is

26   not applicable to cases predating its enactment. *Baptist* relies on the General Savings Statute, 1 U.S.C. § 109, which provides "[t]he repeal of any statute shall not have the effect to release or extinguish any

27   penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide. . . ." However, all of the cited authority, including *Baptist* predates Amendment 750, which was implemented on November 1, 2011 and specifically allows a district court to reduce the sentence

28   of a prisoner who was sentenced prior to the enactment of the Act. *See* Amendment 750, Supplement to Appendix C, Amendments to the Guidelines Manual and U.S.S.G. § 1B1.10(c).

**CONCLUSION**

After considering Petitioner's Motion and the responsive filings, as well as the record of this case, the Court DENIES petitioner's motion.

**IT IS SO ORDERED.**


DATED:  July 12, 2012


_____
M.  James Lorenz
United States District Court Judge

\

- 5 -